UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BRANDON M. MASSEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No. 1:24-CV-399-HAB ) |
| SCHNEIDER NATIONAL CARRIERS, INC. AND DREW J. WILLIAMS, | ) ) ) |
| Defendants. | ) ) |

**OPINION AND ORDER**

While operating his motorcycle on July 2, 2024, Plaintiff Brandon Massey ("Massey") was involved in a traffic collision with a commercial tractor-trailer operated by Defendant Drew Williams ("Williams"). (Compl. ECF No. 5). At the time of the accident, Defendant Schneider National Carriers Inc. ("Schneider") employed Williams. Massey filed suit against the Defendants alleging negligence and negligence per se (Counts 1 and III) against both Williams and Schneider as well as a claim of negligent hiring, training, and supervision against Schneider (Count II). In its Answer, Schneider admitted it is vicariously liable for any damages award against Williams. Schneider now moves for partial judgment on the pleadings as to Count II asserting that Massey cannot recover from Schneider on both its negligence claims and its negligent hiring claim. (ECF No. 19). Because Massey concedes the point, the motion for partial judgment on the pleadings will be GRANTED.

**DISCUSSION**

**A.   Factual Background**

Williams is a commercial motor vehicle driver employed by Schneider National Carriers, Inc. (Compl., ¶¶ 4, 6, 15). On July 2, 2024, Massey was operating a motorcycle eastbound on U.S. 35 near the intersection with 10th street in Gas City, Indiana. (*Id*. at ¶ 5). On the same date, Williams was operating a tractor-trailer eastbound on U.S. 35 near the intersection with 10th street in Gas City. (*Id.* ¶ 6). The vehicles operated by Massey and Williams collided ("Collision"). (*Id.* ¶ 7). The Collision was allegedly caused by Williams failing to yield the right-of-way to Massey, operating his tractor-trailer at an unsafe speed and in an unsafe manner, and making an unsafe maneuver with his commercial motor vehicle. (*Id.* ¶¶ 7, 12, 19. At the time of the Collision, Williams was acting within the scope and course of his employment with Schneider. (ECF No. 15, Answer to Compl., ¶ 4).

**B.   Legal Discussion**

**1.   *Judgment on the Pleadings***

Federal Rule of Civil Procedure 12(c) provides: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Pleadings "include the complaint, the answer, and any written instruments attached as exhibits." *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (citing Fed. R. Civ. P. 10(c)).

The only difference between a motion for judgment on the pleadings and a motion to dismiss is timing; the standard is the same. "When a plaintiff moves for judgment on the pleadings, the motion should not be granted unless it appears beyond doubt that the nonmovant cannot prove facts sufficient to support its position, and that the plaintiff is entitled to relief." *Scottsdale Ins. Co. v. Columbia Ins. Grp., Inc.*, 972 F.3d 915, 919 (7th Cir. 2020). "Thus to succeed, the moving party must demonstrate that there are no material issues of fact to be resolved." *N. Ind. Gun & Outdoor*

2

*Shows*, 163 F.3d at 452. As with a motion to dismiss, the court views all facts and inferences in the light most favorable to the non-moving party. *Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir. 1993).

**2.     Analysis**

Massey's complaint includes claims for both negligence and negligent hiring. Schneider has moved for partial judgment as to Count II on the grounds that it has admitted that Williams was acting within the scope and course of his employment at the time of the Collision. It contends that this admission forecloses a duplicate recovery on the negligent hiring claims asserted in the Complaint and the Court should dismiss the negligent hiring claim.

The Indiana Supreme Court has held that "when an employer admits that an employee was acting within the course and scope of his or her employment, absent special circumstances, negligent hiring claims are precluded." *Sedam v. 2JR Pizza Enterprises,* LLC, 84 N.E.3d 1174, 1179 (Ind. 2017). "This outcome recognizes that a *respondeat superior* claim necessarily involves an act *within* the scope of employment, whereas negligent hiring claims require an act *outside* the scope of employment. Under each claim, the plaintiff seeks the same result—employer liability—and recovery is based on the same negligent act—the employee's." *Id.* at 1178 (citing *Tindall v. Enderle*, 320 N.E.2d 764, 768 (Ind. Ct. App. 1974) ("Proof of negligence by the employee on the particular occasion at issue is a common element to the theories of *respondeat superior* and negligent hiring.")).

Schneider, in fact, has admitted in its Answer that Williams was acting within the scope and course of his employment at the time of the Collision. Massey does not dispute this fact nor does he argue that Count II of the Complaint properly pleads any of the "special circumstances"

referenced by *Sedam* for which Count II could remain viable. Accordingly, the Court finds that the Motion for Judgment on the Pleadings as to Count II is GRANTED.

That said, Massey asks that the dismissal of Count II against Williams be without prejudice in the event that discovery reveals evidence that could factually support an amendment to the Complaint to reassert the claim. Schneider objects to the dismissal without prejudice noting that in the *Sedam* case one "special circumstance" is a situation where punitive damages are sought, because punitive damages are available for negligent hiring claims, but not typically negligence claims hinging on the doctrine of respondeat superior. *Id.* at n.3. In other words, where punitive damages are at issue, the general rule requiring dismissal of a negligent hiring claim is not necessarily required. *See also Tindall*, 320 N.E.2d at 767-68. Schneider asserts that there are no facts or circumstances where punitive damages would be available given that the "vehicular collision is alleged to have occurred solely as a result of Williams' speeding, inattentive driving, and violation of several Indiana traffic laws, which allegations are – as a matter of law insufficient to warrant an imposition of punitive damages." (ECF No. 23 at 2). But at this early stage of the litigation, the Court cannot say that discovery could not produce any set of facts that would warrant imposition of punitive damages. For this reason, while the Court grants the Motion for Judgment on the Pleadings as to Count II, the dismissal is without prejudice.

SO ORDERED on June 4, 2025

       s/ Holly A. Brady  
CHIEF JUDGE HOLLY A. BRADY  
UNITED STATES DISTRICT COURT